UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTE ERIC STRINGER,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF JUSTICE, and THE FEDERAL BUREAU OF INVESTIGATION,

        Defendant.

Case No.11-14671
Honorable Julian Abele Cook, Jr.

## ORDER

On October 24, 2011, the Plaintiff, Monte Eric Stringer, filed a complaint seeking to obtain the release of certain official documents; namely, an arrest card, his fingerprints, as well as the photographs that were taken at the time of his arrest on May 20, 1991, all of which are claimed by him to be in the custody of the Defendants, the United States of America et al ("Government").

I.

The brief history of this case begins with the arrest of Stringer who was charged by the Government with the possession with an intent to distribute cocaine, in violation of 21 U.S.C. §841(A)(1) at a time when he was twenty two years old. However, this charge was subsequently dismissed in June 1993 without any finding or admission of criminal culpability. Now pending before this Court is the Government's motion to dismiss, contending that this Court is without

subject matter jurisdiction to address and resolve the issues that were incorporated in Stringer's complaint.

In an effort to evaluate the merit, if any, of Stringer's complaint, the Court now turns to Federal Rule of Civil Procedure 12(b)(1) which permits a defendant to challenge a complaint for lack of subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction to survive the motion." *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citation omitted).

II.

The Government asserts that this Court lacks subject matter jurisdiction to hear this case, citing to 18 U.S.C. § 3221 which reads, in pertinent part, as follows: "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Two years ago, the Sixth Circuit gave an additional voice to the meaning of § 3221 by stating that "[a]s courts of limited jurisdiction, federal courts possess only that power authorized by Constitution and statute, and may not expand that power by juridical decree." *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (internal citation and quotation omitted).

In *Lucido*, the defendant, after having been indicted in two separate federal criminal cases, was acquitted of all charges in both cases. *Id* at 872-73. Lucido thereafter filed a motion to expunge all records of those proceedings that were in the possession of the Federal Bureau of Investigation. *Id*. Although Lucido's motion was rejected by the trial court on its merits, the Sixth Circuit reversed and remanded the case to the district court for the entry of a dismissal for lack of subject matter jurisdiction. *Id*. In the opinion of the Sixth Circuit, federal courts do not have jurisdiction over

motions to expunge criminal records. *Id*. at 873-75. Whereas a district court has original jurisdiction over the underlying criminal case and ancillary jurisdiction to handle matters "incidental to other matters properly before them," the court in *Lucido* declared that [an] expungement of a record sixteen years later fell into neither of the above-mentioned categories. *Id*. at 875.

Two recently decided district court cases have interpreted *Lucido* to apply to those plaintiffs whose criminal charges were dismissed. Two years ago, a plaintiff filed a motion to expunge the criminal charges that had been dismissed by the Government. *U.S. v. Minisee*, No. 1:07-CR-162, 2010 WL 5872427, at *1 (W.D. Mich., Aug. 23, 2010). The Minisee court followed the rationale of *Lucido* and concluded, in part, that (1) the original statutory basis for the establishment of jurisdiction over the plaintiff's case ended when the charges were dismissed, (2) there is no statute which enables a district court to expunge an official record, and (3) no ancillary jurisdiction exists for expungement issues in the district court when the claim for relief is based only on equitable grounds. *Id.* As a result, the court in Minisee rejected the plaintiff's motion for expungement. Similarly, in *U.S. v. Lenox*, the plaintiff filed a motion to expunge her record of criminal charges that had been dismissed by the Government. *United States v. Lenox*, 95-80041, 2011 WL 2620991, at *1 (E.D. Mich. July 5, 2011). In *Lenox*, the Court concluded that (1) there is no supporting statutory or case law for expungement of official records by the federal judiciary, and (2) the act of expungement is the task of the executive branch. As a result, the court denied her motion for expungement. *Id.* at *1-2.

Here, the issues that Stringer brings to this Court fall within the bounds of *Lucido, Minisee,* and *Lenox*. As in *Minisee* and *Lenox*, Stringer had his criminal charge dismissed. Similarly, Stringer is without a sufficient basis upon which to advance his contention that this Court possesses a

supportable basis for jurisdiction to address his concerns. First, the original basis for jurisdiction over the case ended when the criminal charges were dismissed. Second, there is no statute which grants expungement authority to this federal court. Stringer disagrees, maintaining that 28 U.S.C. § 1331 grants expungement jurisdiction to this Court. However, he - in citing to § 1331 - has failed to recognize that this statute only grants jurisdiction to a court with authority to preside over federal questions - but not to matters of expungement. Furthermore, Stringer also points to 18 U.S.C. § 3607 which, in his judgement, also provides this Court with a sufficient basis for his expungement application. However, this statute refers only to those persons who have been found guilty of a Controlled Substances Act offense that was committed by the accused under the age of 21. None of these special conditions are beneficial to Stringer in his argument. Third, the Court does not have ancillary jurisdiction over his claim. *See Lucido*. Citing to pre-*Lucido* cases, Stringer maintains that this Court does have equitable jurisdiction to hear his case. However, *Lucido* - upon which he relies for authority - explicitly rejects this concept as it relates to his equitable jurisdiction argument. *Lucido,* 612 F.3d at 876-77.

Therefore, despite Stringer's admirable efforts to lead a law-abiding and productive life in the two decades since his encounter with the judicial system, the Court is without authority to evaluate his request for expungement because it does not have subject matter jurisdiction over the issue. Accordingly, the Court grants the Government's motion to dismiss for lack of subject matter jurisdiction.

### III.

The Government next submits that the Court should dismiss Stringer's claim that he has been deprived of the equal protection of the law ensured by the Fourteenth Amendment because of his

failure to state a claim, as defined by Federal Rule 12(b)(6). In a motion to dismiss for failure to state a claim upon which relief can be granted under this federal rule of procedure, a court must "treat all well-pleaded allegations in the complaint as true, and dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him . . . to relief." *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007) (citation omitted). A plaintiff, however, bears an obligation to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2006) (citation omitted).

Stringer challenges the constitutionality of 18 U.S.C. § 3607 which, in relevant part, provides:

> If the case against a person found guilty of an offense under [21 U.S.C. § 844] is the subject of a disposition under subsection (a) [which permits probation for a first offense involving a controlled substance], and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person.

Stringer argues that "the law makes an irrational distinction between a minor who pleads guilty to a drug offense and person of majority whose case is actually dismissed" and that "[t]here is no rational basis for the aforementioned distinction." Compl. ¶¶ 13-14.

Courts review an equal protection challenge under a "rational basis" test, unless it involves a suspect class or a fundamental right. *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 312 (1976). As Stringer acknowledges, this case involves neither a suspect class nor a fundamental right. Therefore, the "rational basis" test must be applied to his challenge to 18 U.S.C. § 3607.  A rational basis "inquiry employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one.

Perfection in making the necessary classifications is neither possible nor necessary." *Massachusetts Bd. of Retirement*, 427 U.S. at 315 (citation omitted). As the Plaintiff in this litigation, Stringer bears the burden of showing that no rational basis exists for the enforcement of this statute. *Federal Communications Comm'n v. Beach Communications*, 508 U.S. 307, 315 (1993).

After utilizing the standards of this above-cited *Beach Communications* case, Stringer has not met his burden to negate every conceivable basis for this statute. In fact, he has not offered a single reason for this Court to find the age-based distinction in 18 U.S.C. § 3607 to be irrational. Stringer's complaint recites a mere label without describing any basis for the supposed constitutional deficiency, other than the assertion that the distinction is irrational. A plaintiff must provide more than labels and conclusions. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Stringer has failed to state a claim for his constitutional challenge to 18 U.S.C. § 3607. It must be dismissed.

IV.

For the reasons that have been stated above, the Court dismisses Stringer's complaint in its entirety.

IT IS SO ORDERED.

Date: November 9, 2012                                         s/Julian Abele Cook, Jr.
                                                                JULIAN ABELE COOK, JR.
                                                                United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 9, 2012.

                                                                s/ Kay Doaks
                                                                Case Manager